**Harlina GUNAWAN, Kurniawan Felix Ong, Kurniawan Steven Ong, Petitioners,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 09–4035–ag.

United States Court of Appeals, Second Circuit.

Sept. 23, 2010.

Charles Christophe, New York, New York, for Petitioners.

Tony West, Assistant Attorney General; Luis E. Perez, Senior Litigation Counsel; Elizabeth D. Kurlan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER ·

Harlina Gunawan, Kurniawan Felix Ong, and Kurniawan Steven Ong, natives and citizens of Indonesia, seek review of an August 31, 2009, order of the BIA denying their second motion to reopen.[1] *In re Harlina Gunawan, Kurniawan Felix Ong, Kurniawan Steven Ong,* Nos. A098 642 607/608/609 (B.I.A. Aug. 31, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Gunawan's motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). An alien may file only one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in denying Gunawan's second motion to reopen, as it was indisputably untimely and number-barred.

Further, as the BIA found, the evidence Gunawan submitted failed to demonstrate changed country conditions in Indonesia or to overcome the immigration judge's ("IJ") underlying adverse credibility determination. Because the IJ found that Gunawan was not credible regarding her fear of persecution for being an ethnic Chinese Protestant, the BIA reasonably discounted the letters from her husband and father in which they asserted that they had suffered

---

1. For ease of reference, this order refers sole-ly to the lead petitioner, Harlina Gunawan.

persecution on the same ethnic and religious grounds. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (explaining that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency); *see also Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–47 (2d Cir.2007); *Kaur v. BIA,* 413 F.3d 232, 234 (2d Cir.2005) (per curiam).

Moreover, contrary to Gunawan's argument, the record does not demonstrate that the BIA failed to consider any of the background evidence she submitted. *See Xiao Ji Chen,* 471 F.3d at 338; *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006). Indeed, rather than demonstrating a worsening of country conditions for ethnic Chinese Christians in Indonesia, the 2007 State Department Country Report, which Gunawan cites in her brief, states that instances of discrimination and harassment against ethnic Chinese Indonesians have declined, and that recent reforms have led to increased religious and cultural freedom. Consequently, we conclude that substantial evidence supports the BIA's conclusion that Gunawan failed to demonstrate changed country conditions. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008) (reviewing changed country conditions findings for substantial evidence); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).